## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **No. 07-762-2** |
| | : | |
| **RICHARD BAEZ** | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 6th day of June 2017, upon consideration of Richard Baez's Motion requesting a judicial recommendation (ECF Doc. No. 114) and the United States' Response (ECF Doc. No. 122), it is **ORDERED** Mr. Baez's Motion (ECF Doc. No. 114) is **DENIED**.

### *Analysis*

The grand jury indicted Richard Baez for conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery and aiding and abetting, and using and carrying a firearm during a crime of violence and aiding and abetting.[1] A jury returned a guilty verdict on all counts.[2] On May 1, 2009, the Honorable James Knoll Gardner sentenced Mr. Baez to 153 months followed by five years supervised release.[3] Mr. Baez is currently serving his sentence at FCI Fort Dix in New Jersey.[4] Mr. Baez now asks we recommend he serve the remaining twelve (12) months of his sentence in a "Residential Re-

---

[1] ECF Doc. No. 1, at p. 1; ECF Doc. No. 122, at p. 1.

[2] ECF Doc. No. 122, at p. 1.

[3] ECF Doc. No. 87.

[4] ECF Doc. No. 122, at p. 3.

Entry Center."[5] Mr. Baez argues the Residential Re-entry Center (RRC) is the more appropriate placement to serve the remainder of his sentence because it will provide assistance in "treatment or direction for his substance abuse, assistance with financial issues, [and] vocational training," which he alleges his current placement, FCI Fort Dix, does not provide.[6]

## Discussion

The United States opposes Mr. Baez's petition arguing we lack jurisdiction and otherwise lack authority to direct the Bureau of Prisons as to placement.[7] The threshold issue is whether we have jurisdiction. Mr. Baez does not cite grounds for jurisdiction.[8] We may have jurisdiction under Rule 35 of the Federal Rules of Criminal Procedure, 28 U.S.C. § 2254, 28 U.S.C. § 2255, or 28 U.S.C. § 2241.

Rule 35 of the Federal Rules of Criminal Procedure may provide jurisdiction. "[T]he court may correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing.[9] The fourteen-day time limit is jurisdictional.[10] If the petitioner moves after the fourteen-day limitation, the court lacks jurisdiction.[11] We lack

---

[5] ECF Doc. No. 114, at p. 1.

[6] *Id.* at 2.

[7] ECF Doc. No. 122, at p. 5.

[8] ECF Doc. No. 114.

[9] Fed.R.Crim.P. 35(a).

[10] *United States v. Higgs*, 504 F.3d 456, 464 (3d Cir. 2007).

[11] *Id.*

2

jurisdiction under Rule 35 of the Federal Rules of Criminal Procedure because Mr. Baez moved on April 1, 2016, well after fourteen-days from his May 1, 2009 sentencing.[12]

Section 2254 permits "the Supreme Court, a Justice thereof, a circuit judge, or a district court" to entertain a writ of *habeas corpus* on behalf of a person in *state custody* only if the custody is in "violation of the Constitution or laws or treaties of the United States."[13] Since Mr. Baez is a federal prisoner, he is precluded from bringing this petition under 28 U.S.C. § 2254.[14]

Section 2255 provides "a prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the petitioner claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."[15] Mr. Baez must also bring this § 2255 Petition within one year of:

> "(1) the date on which the judgment of the conviction becomes final, (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[16]

---

[12] ECF Doc. No. 122, at p. 1.

[13] 28 U.S.C. § 2254(a) (emphasis added).

[14] 28 U.S.C. § 2254(a); ECF Doc. No. 122, at p. 3.

[15] 28 U.S.C. 2255(a).

[16] 28 U.S.C. § 2255(f)(1)-(4).

3

A § 2255 petition must be filed in the sentencing court.[17] In *Harris*, the District of New Jersey "ha[d] sole jurisdiction to hear this matter" because the petitioner's conviction and sentence both occurred in the District of New Jersey.[18] Mr. Baez's conviction and sentence both occurred in the Eastern District of Pennsylvania, giving us jurisdiction over his § 2255 petition.[19] Although we have jurisdiction, Section 2255 is the presumptive means for prisoners to challenge the constitutionality of their federal court conviction or sentence.[20] Mr. Baez does not challenge the constitutionality of his sentence, precluding § 2255 as the appropriate statute.[21] Even if Mr. Baez challenged the constitutionality of his sentence, he failed to bring this motion within one year of "the date on which the judgment of the conviction becomes final."[22]

Section 2241 provides "[w]rits of *habeas corpus* may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdiction*."[23] Section 2241 also provides the writ of *habeas corpus* applies to prisoners:

---

[17] 28 U.S.C. 2255(a).

[18] *Harris*, 2010 WL 2765127, at *3.

[19] ECF Doc. No. 87.

[20] *Harris v. Levi*, No. 09-2484, 2010 WL 2765127, at * 2, (E.D. Pa. May 25, 2010) (quoting *Young v. Yost,* No. 09-2803, 2010 WL 325785, at *2 (3d Cir. 2010). *See also Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

[21] ECF Doc. No. 114.

[22] 28 U.S.C. § 2255(f)(1).
Petitioner's conviction became final on June 9, 2009 and our court of appeals upheld his conviction on May 26, 2011. ECF Doc. No. 92; ECF Doc. No. 103.

[23] 28 U.S.C. § 2241(a) (emphasis added).

"(1) . . . in custody under or by color of authority of the United States or is committed for trial before some court thereof; or (2) . . . in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States . . ."[24]

Our court of appeals instructs "[s]ection 2241 is the only statute that confers *habeas* jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."[25] "Execution" of a sentence includes, "administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions" as well as a challenge to the "manner, location, or conditions of a sentence's execution."[26] Our court of appeals noted this definition "is consistent with the notion of the plain meaning of the term . . . which is to 'put into effect' or 'carry out.'"[27] Although § 2241 is the appropriate means to challenge the execution of Mr. Baez's sentence, our court of appeals instructs "federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241."[28]

---

[24] 28 U.S.C. § 2241(c)(1)-(2).

[25] *Coady*, 251 F.3d at 485.

[26] Our court of appeals adopts the interpretation by the court of appeals for the Second, Sixth, Ninth, and Tenth Circuits. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242-43 (3d Cir. 2005) (quoting *Jiminian v. Nash*, 245 F.3d 144 (2d Cir. 2001); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)).

[27] *Id.* at 243.

[28] *Barksdale v. Sing Sing,* 645 F. App'x 107, 109 (3d Cir. 2016).

5

In determining whether we have jurisdiction under § 2241, we analyze: (1) who is the proper respondent, and (2) does the district in which the petitioner filed the *habeas corpus* petition have jurisdiction.[29] The proper respondent in a *habeas* petition is "the person who has custody over [the petitioner]" and the "custodian . . . is 'the person' with the ability to produce the prisoner's body before the *habeas* court."[30] Section 2241 provides district courts "'within their respective jurisdictions' . . . require[s] nothing more than the court issuing the writ to have jurisdiction over the custodian."[31] If Mr. Baez is challenging "his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."[32]

Mr. Baez challenges the execution of his sentence because he is challenging the "location [and] conditions of [his] sentence's execution" as well as the "type of detention."[33] If we have jurisdiction over Mr. Baez's claim, it will be under § 2241 because "[s]ection 2241 is the only statute that confers *habeas* jurisdiction to hear the petition of a federal prisoner who is challenging . . . the execution of his sentence."[34]

In determining jurisdiction under § 2241, we first analyze whether Mr. Baez is currently in physical custody of the United States, who the proper respondent for the *habeas* petition is,

---

[29] *Rumsfeld v. Padilla*, 524 U.S. 426, 434 (2004).

[30] *Id.* at 434-35.

[31] *Id.* at 442 (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973)).

[32] *Id.* at 447. *See also Saunders v. U.S. Parole Comm'n*, 665. F. App'x 133, 135 (3d Cir. 2016).

[33] *Woodall*, 432 F.3d at 242-43 (quoting *Jiminian*, 245 F.3d 144; *Hernandez v. Campbell*, 204 F.3d at 864).

[34] *Coady*, 251 F.3d at 485

6

and whether this court has jurisdiction over the respondent.[35] Mr. Baez is currently in the United States' physical custody and serving his sentence in FCI Fort Dix in New Jersey.[36] Mr. Baez must name "his warden as respondent and file the petition in the district of confinement."[37] Mr. Baez neither named his warden as the respondent nor did he petition in the district where he is presently confined, the District of New Jersey.[38] Even if Mr. Baez named his warden as the appropriate respondent, the Eastern District of Pennsylvania would lack jurisdiction over the warden.[39]

As a result, we may either transfer this petition construed as filed under 28 U.S.C. § 2241 to the District of New Jersey or deny the motion. We elect to deny the motion both because Mr. Baez has not exhausted his remedy [40] and even if we were to have jurisdiction, we lack the authority to determine the location of imprisonment as the Bureau of Prisons has "the exclusive authority to determine the place of imprisonment under 18 U.S.C. § 3621(b)."[41]

KEARNEY, J.

---

[35] *Rumsfeld*, 524 U.S. at 434, 447.

[36] ECF Doc. No. 114, at p. 2; ECF Doc. No. 122, at p. 3.

[37] *Rumsfeld*, 524 U.S. at 447.

[38] ECF Doc. No. 114, p. 1.

[39] *Rumsfeld*, 542 U.S. at 444.

[40] The prisoner must "exhaust their administrative remedies" before bringing a *habeas* petition under § 2241. *Barksdale,* 645 F. App'x. at *109.* Mr. Baez offers no evidence suggesting he exhausted his administrative remedies. He is prevented from bringing this *habeas* petition.

[41] *United States v. Eakman,* 378 F.3d 294, 300 (3d Cir. 2004); *see also Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005).