IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 07-762-2 |
| | : | |
| RICHARD BAEZ | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                       September 27, 2023

      Richard Baez petitioned for habeas relief arguing his conviction for Hobbs Act robbery did not qualify as a crime of violence. He petitioned for relief shortly after the Supreme Court found the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Convicted persons asked trial courts facing habeas petitions challenging completed Hobbs Act robbery convictions to stay further rulings until more definitive guidance. We did so. Our Court of Appeals offered definitive guidance in March 2023 holding a completed Hobbs Act robbery is a crime of violence. The Court of Appeals later issued the mandate allowing us to proceed in resolving these challenges. Mr. Baez now moves to lift his requested stay and rule on his habeas petition given this recent guidance. We grant Mr. Baez's request to lift the stay. We deny his habeas petition consistent with our Court of Appeals's detailed analysis. We find no basis to issue a certificate of appealability.

**I. Fact and procedural background**

      A federal grand jury indicted Richard Baez on conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery, and aiding and abetting in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a), and one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1), for his role in the robbery of an

Econolodge motel in Allentown, Pennsylvania.[1] A jury found Mr. Baez guilty on all counts of the indictment.[2] The Honorable James Knoll Gardner sentenced Mr. Dominguez on June 3, 2009 to a total of 153 months imprisonment.[3]

The Federal Defenders petitioned for habeas relief in June 2016 challenging Mr. Baez's conviction for the use of a firearm during a crime of violence under 18 U.S.C. § 924(c).[4] Mr. Baez argued Hobbs Act robbery does not qualify as a crime of violence under section 924(c) resulting in an unconstitutional conviction and sentence after the Supreme Court's decision in *Johnson v. United States*.[5]

We granted his counsel's request and stayed Mr. Baez's habeas petition pending an expected certiorari petition to the Supreme Court from our Court of Appeals' decision in *United States v. Walker*[6] holding both a completed Hobbs Act robbery and attempted Hobbs Act robbery

---

[1] ECF No. 1.

[2] ECF No. 92.

[3] *Id.*

[4] ECF Doc. No. 118.

[5] 576 U.S. 591 (2015). In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. In 2019, the Supreme Court in *United States v. Davis* held section 924(c)(3)(B)'s residual clause is unconstitutionally vague. 588 U.S. ---, 139 S. Ct. 2319 (2019).

[6] 990 F.3d 316 (3d Cir. 2021), *vacated*, 142 S. Ct. 2858 (2022).

are crimes of violence under section 924(c).⁷ We ordered the Federal Defenders Office to immediately advise of an entry of a final order or disposition of *Walker* and provide status reports.⁸

After no clear direction for a few years, our Court of Appeals in *United States v. Stoney* in March 2023 held a completed Hobbs Act robbery is a crime of violence under section 924(c)(3)(A).⁹ The Federal Defenders notified us of the *Stoney* decision, now final, and moved to lift the stay in this case.¹⁰ The Federal Defenders concede our Court of Appeals's final order in *Stoney* requires we find a section 924(c) conviction in which the predicate crime of violence is a completed Hobbs Act robbery is valid under *Johnson* and *Davis*.¹¹

We grant Mr. Baez's Motion to lift the stay and dismiss his habeas petition as foreclosed by *Stoney*.

## II.   Analysis

Our Court of Appeals's June 20, 2023 mandate in *United States v. Stoney* allows us to address Mr. Baez's habeas petition challenging his conviction on a completed Hobbs Act robbery.

Congress allows a federal prisoner to seek habeas relief from his sentence under 28 U.S.C. § 2255 by moving to vacate, set aside, or correct his sentence in four circumstances: (1) the sentence imposed violates the Constitution or laws of the United States; (2) the court lacked

---

⁷ ECF No. 131. The Supreme Court vacated our Court of Appeals's judgment in *Walker* and remanded the matter for further consideration in light of the Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). In *Taylor*, the Supreme Court held an ***attempted*** Hobbs Act robbery is not a crime of violence under section 924(c).

⁸ ECF No. 131.

⁹ 62 F.4th 108 (3d Cir. 2023).

¹⁰ ECF No. 140.

¹¹ *Id.*

jurisdiction to impose the sentence; (3) the sentence is in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[12] We may only vacate a sentence if we find "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[13]

Congress through the Hobbs Act allows the United States to charge a person who is believed to "obstruct[], delay[], or affect[] commerce … by robbery."[14] Congress requires a conviction of Hobbs Act robbery carries a term of imprisonment of up to twenty years.[15] But Congress through the Armed Career Criminal Act authorizes further incarceration if a convicted offense—here, a completed Hobbs Act robbery—qualifies as a "crime of violence."[16] Congress mandates a person may face an additional felony conviction and further punishment for using a firearm during the crime.[17]

---

[12] 28 U.S.C. § 2255(a).

[13] 28 U.S.C. § 2255(b).

[14] 18 U.S.C. § 1951(a). Section 1951(a) provides: "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."

[15] *Id*.

[16] 18 U.S.C. § 924(c).

[17] *Stoney*, 62 F.4th at 110. A conviction on a "crime of violence" under section 924(c)(3)(A) can also increase a federal sentence by imposition of a mandatory minimum sentence. *Id.* at 111.

To qualify as a "crime of violence" under section 924(c), an offense must meet the Act's "elements clause," meaning "an offense that is a felony and … has as an element of the use, attempted use, or threatened use of physical force against the person or property of another."[18] The Supreme Court in *Taylor* instructed us to make this determination by applying a "categorical approach."[19] We use a categorical approach because section 924(c)(3)(A) requires the felony to have "*as an element* the use, attempted use, or threatened use of physical force."[20] When answering whether a felony "has as an element the use, attempted use, or threatened use of physical force" we do not "inquir[e] into how any particular defendant may commit the crime."[21]

Our Court of Appeals in *Stoney* held a completed Hobbs Act robbery is categorically a crime of violence under section 924(c)(3)(A).[22] The court explained the categorical approach to determine whether an offense qualifies as a crime of violence under section 924(c)(3)(A) requires us to determine "whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force."[23] The court further explained "to win a conviction for a *completed* robbery the government must show that the defendant engaged in the 'unlawful taking or obtaining of personal property

---

[18] 18 U.S.C. § 924(c)(3)(A). In *Davis*, the Supreme Court held the "residual clause" of section 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. The upshot of the *Davis* decision is the residual clause may no longer define a "crime of violence," leaving only the "elements clause" of section 924(c)(3)(A) to define "crime of violence."

[19] *Stoney*, 62 F.4th at 113 (citing *Taylor*, 142 S. Ct. at 2020).

[20] *Taylor,* 142 S. Ct. at 2020 (quoting 18 U.S.C. § 924(c)(3)(A)) (emphasis in original).

[21] *Id*.

[22] *Stoney*, 62 F. 4th at 113–14.

[23] *Id.* at 113 (quoting *Taylor*, 142 S. Ct. at 2020).

from the person … of another, against his will, by means of actual or threatened force.'"[24] The court then applied its reasoning to the language of the Hobbs Act and concluded a completed Hobbs Act robbery qualifies as a crime of violence.[25]

Mr. Baez challenges his section 924(c) conviction arguing: (1) the Supreme Court in *Johnson* held the "residual clause" of section 924(c)(3) is unconstitutionally vague and (2) Hobbs Act robbery does not qualify as a crime of violence under the "elements clause."[26]

We can now readily dispose of these arguments as foreclosed by our Court of Appeals's analysis in *Stoney*. Under *Stoney*, a completed Hobbs Act robbery categorically constitutes a crime of violence under the elements clause of section 924(c)(3)(A), not the residual clause found constitutionally infirm in *Davis*. This holding does not run afoul of *Davis* and our Court of Appeals specifically noted *Davis* allows an analysis under the elements clause of section 924(c)(3)(A).[27] We deny Mr. Baez's habeas petition challenging his completed Hobbs Act robbery conviction as a crime of violence under the elements clause of section 924(c)(3)(A) as foreclosed by *Stoney*.

We decline to issue a certificate of appealability. Congress in section 2253(c)(1)(B) provides "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . . the final order in a proceeding under section 2255."[28] We may issue a certificate of appealability only if the petitioner "has made a substantial showing

---

[24] *Id.* (emphasis in original).

[25] *Id.*

[26] ECF No. 118.

[27] *Stoney*, 62 F.4th at 111, n. 2.

[28] 28 U.S.C. § 2253(c)(1)(B).

of the denial of a constitutional right."[29] A petitioner meets this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[30] Mr. Baez fails to meet this standard. We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our conclusion Mr. Baez's constitutional claims are frivolous and not supported by the record.

## III. Conclusion

We grant Mr. Baez's motion to lift the stay and deny his habeas petition. No evidentiary hearing is required because the record conclusively shows he is not entitled to relief. Mr. Baez failed to make a substantial showing of the denial of a constitutional right or shown jurists of reason could disagree with our conclusion. We find no basis to issue a certificate of appealability.

---

[29] *Id.* § 2253(c)(2).

[30] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (cleaned up); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy section 2253(c), the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").